FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2016 APR 18  PM 12: 38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

SANTIANA JEAN-BAPTISTE,

                                    Plaintiff,

Case No. 3:16-CV-461-J-39PDB

vs.

BUSINESS LAW GROUP, P.A.,
LM FUNDING, LLC and
SHUMAKER, LOOP & KENDRICK, LLP

                        Defendant(s).

_____

## COMPLAINT

Plaintiff, Santiana Jean-Baptiste, files her complaint against Defendants Business Law Group, P.A., LM Funding, LLC, and Shumaker, Loop & Kendrick, LLP and hereby states as follows:

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692 ("FDCPA"), and for declaratory and injunctive relief in equity.

## JURISDICTION AND VENUE

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. C. § 1692, *et. seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et seq.*

2.      The jurisdiction of this Court is conferred by Fla. Stat. § 559.77 and 15 U.S.C. §1692k(d) which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

1

3.      Venue in the United States District Court for the Middle District of Florida is proper under 28 U.S.C. § 1391(b) and because Defendants transact business in and a substantial part of the events giving rise to the claim occurred in Polk County, Florida.

4.      Plaintiff Santiana Jean-Baptiste ("SJB") is an individual, over the age of eighteen (18) and at all times material hereto the owner of the property located at 5428 Limestone Lane, Unit 3301, Lakeland, Polk County, Florida, 33809 ("Property") within the community known as Cobblestone Landing Townhomes Condominium Association, Inc., which Property is used primarily for personal, family or household purposes.

5.      Defendant Business Law Group, P.A. ("BLG") is registered in Florida as a for-profit corporation with its principal place of business at 301 W. Platt St., Suite 375, Tampa, Hillsborough County, Florida, 33606 and that it, itself and through its employees, representatives, and lawyers regularly collects debts due to another in Florida.

6.      Defendant LM Funding, LLC ("LMF") is a debt buyer and limited liability company existing under the laws of the state of Florida with a primary business address at 302 Knights Run Ave., Suite #1000, Tampa, Hillsborough County, Florida, and that, itself and through its employees, representatives, and lawyers, regularly collects debts allegedly owed to another throughout the state of Florida.

7.      Defendant Shumaker, Loop & Kendrick, LLP ("SLK") is a Florida limited liability partnership with its principal place of business at 101 East Kennedy Boulevard, Suite 2800, Tampa, Hillsborough County, Florida 33602 and that it, itself and through its employees, representatives, and lawyers regularly collects debts due to another in Florida.

## GENERAL ALLEGATIONS

8.      At all times herein, Defendants are each "debt collectors" as defined by 15 U.S.C. §1692a(6) and Florida Statutes §559.55(6).

9.      Defendants regularly use interstate mail while engaging in businesses the principal purpose of which are the collection of debts, directly or indirectly from consumers, allegedly due to another.

10.     At all times herein, Defendants attempted to collect a debt, specifically condominium association dues and purportedly related fees on SJB's condominium (hereinafter, the "Debt").

11.     At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use and SJB is a "debtor" or "consumer" as those terms are defined by FCCPA, §559.55(2), and the FDCPA, § 1692a(3).

12.     At all times herein, Defendants were each "persons" pursuant to Florida Statutes, §559.55(3). *See Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809 (Fla. 4 DCA 2002).

13.     At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication'" as defined by Florida Statutes, §559.55 and 15 U.S.C. §1692a(2).

14.     At all times herein, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15.     All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

### SLK Communications

16.     On or about December 11, 2014, Defendant SLK sent a debt collection communication to SJB, requesting an offer for settlement of the Debt for presentation to Cobblestone and indicating the outstanding Debt was **$2,152.88**. A true and correct copy of the Email Correspondence and attachment is attached as Composite **Exhibit A**.

17.     On December 16, 2014 SJB had a telephone conversation with SLK wherein SLK again told SJB to submit a payment plan to pay the Debt. The same day, SJB relayed a payment plan to SLK in accordance with that conversation. *See* Exhibit A.

18.     On December 22, 2014 SJB followed up with SLK to request a status of approval of the payment plan. *See* Exhibit A.

19.     On December 22, 2014 SLK sent a debt collection communication stating that the amount now due was **$2,786.62** and indicated that the previously proposed payment schedule did not cover all amounts due.   *See* Exhibit A.   SLK stated, falsely, **"Please be reminded that if a settlement agreement is prepared, there will be additional attorneys' fees and costs associated with preparing the agreement and filing the same with the court"** despite the fact that no court case was then pending. *See* Exhibit A.

20.     On December 22, 2014, SLK sent a debt collection letter stating "Payment of your balance due of **$2,586.25**, should be made by check payable to Shumaker, Loop & Kendrick, LLP Trust Account and mailed to me at the address listed above." A true and correct copy of the SLK Demand Letter is attached as **Exhibit B**. However, elsewhere in the letter (and in the email of the same date), SLK indicated the balance due was actually **$2,786.62**.

21.    On December 26, 2014 SJB disputed the debt and asked for clarification on where to make payments of her assessments going forward. *See* Exhibit A.

22.    On January 27, 2015 SJB followed up again with SLK to see if Cobblestone had accepted her most recent offer. *See* Exhibit A.  SLK responded and said "My apologies for the delay in response from the Association in regards to your request.  I have followed up and will inform you as more information becomes available.  **Please be advised while awaiting response, you will not incur more interests and/or late fees...**" *See* Exhibit A.

### BLG and LMF Communications, Lien, and Foreclosure

23.    On or about February 25, 2015, Defendant BLG, on information and belief on Defendant LMF's behalf, and with LMF's knowledge, consent and approval, sent SJB a debt collection letter stating that the total balance then due for unpaid assessments was **$4,396.69**, including various unexplained finance charges, late fees, legal costs and fees, and a fee for "underwriting." ("First BLG Letter"), some or all of which on information and belief are not authorized by Florida law and/or the relevant condominium declaration.  A copy of the First BLG Letter is attached as **Exhibit C**.

24.    The First BLG Letter also included a blank dispute form.  A true and correct copy of the Blank Dispute Form is attached as **Exhibit D**.

25.    The First BLG Letter was BLG's initial communication with SJB sent in connection with the collection of the Debt.

26.    The First BLG Letter does not advise SJB that Defendant LMF is a debt collector and is attempting to collect the Debt.

27.    The First BLG Letter does not inform SJB that Defendant LMF is, at least in part, a current creditor on the Debt.

28.     BLG represents to SJB that Cobblestone is its client, the creditor, when in fact the creditor is a related and commonly controlled and managed entity, LMF.

29.     On information and belief, LMF is the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts — not Cobblestone, as represented in the debt collection letter.

30.     On March 10, 2015 SJB requested a detailed statement of her account, disputed the debt, and made payment of **$2,786.62**, the amount that SJB was advised by SLK that she owed through December 22, 2014. Throughout this time, SJB was also current on then accruing assessments.   A true and correct copies of the March 10, 2015 SJB letter and Completed Dispute Form are attached as **Exhibits E** and **F**, respectively.

31.     No detailed statement of SJB's account was ever provided to her.

32.     Also in the March 10, 2015 Letter SJB advised BLG that all correspondence should be sent to PO Box 1261, Des Plaines, IL, 60017. *See* Exhibit E.

33.     Around March 2015 SJB began to see a therapist due to the mental and emotional distress resulting from anxiety over the Association's and its attorneys' harassing, extortive, and non-cooperative behavior.

34.     On April 22, 2015 BLG sent a debt collection letter to the Property (*not* SJB's address of record) regarding a lien against SJB's property and that the total balance due was **$2,224.95**, including various unexplained and unauthorized finance charges, late fees, lien costs, legal costs and fees ("Second BLG Letter"), some or all of which, on information and belief, are not authorized by Florida Statutes and/or the relevant condominium declaration. A copy of the Second BLG Letter is as **Exhibit G**.

35.    The letter stated that "Cobblestone Landing Townhomes has filed a lien against your Unit for delinquent assessments, finance charges, late fees, attorneys' fees, and costs" even though no lien had yet been recorded.

36.    The Second BLG Letter was not sent SJB's address of record with Cobblestone, which she had advised of in the March 10, 2015 Letter.  The Second BLG Letter was also sent without validation of the Debt as previously requested.

37.    The Second BLG Letter also attached a dispute form.  *See* Exhibit D.

38.    The Dispute Form purportedly attempted to provide SJB a validation and verification notice regarding the Debt, as required 15 U.S.C. § 1692g(a).

39.    The Dispute Form, however, advises Plaintiffs that "[a]ll disputes *must be in writing and accompanied with the owner information requested below*. Disputes can be mailed, faxed or e-mailed . . ." (emphasis added). *See* Exhibit D.

40.    Further, the Dispute Form advises Plaintiff that "all *valid written* disputes received will be reviewed, investigated and responded to." (emphasis added). *See* Exhibit D.

41.    The Dispute Form also misrepresents Florida law with respect to late fees:

> Monthly Administrative late fees - are charged monthly when a delinquent account balance exists. Fee will be assessed in an amount equal to the greater of a) $25 per month, or b) 5% of the monthly assessment, pursuant to § 718.116 or § 720.3085, Florida Statute unless stated otherwise in your condominium declaration.

*See* Exhibit D.

42.    On April 27, 2015 Cobblestone purportedly recorded a claim of lien in the amount of **$2,224.95** in Book 9511 Page 1022 in the Official Records of Polk County, Florida. A copy of the Claim of Lien is attached as **Exhibit H**.

43.     On July 2, 2015 the Cobblestone, by and through BLG, filed a foreclosure and collections action in the Tenth Judicial Circuit in and for Polk County, Florida at case number 2015-CC-003069 ("Foreclosure").  A copy of the Foreclosure Complaint attached as **Exhibit I.**

44.     On or about July 6, 2015 BLG provided a "ledger" indicating that the amount owing was **$7,736.05**, which amount included fees and costs that were unreasonable and on information and belief not authorized by Florida law, the Declaration and/or Bylaws.  A true and correct copy of the "Ledger" is attached as **Exhibit J.**

45.     For example, the Ledger reflects a balance on October 1, 2014 of $3,206.81 and a November 1, 2014 balance of $3,406.81.  However, the October 28, 2014 Email and attachment from Cobblestone reflects a balance of $2,152.88 during that time.

46.     On or about September 16, 2015, SJB recorded a Notice of Contest of Lien.  A true and correct copy of the Notice of Contest of Lien is attached as **Exhibit K.**

47.     Defendants' conduct, as described herein, is a knowing, willful, and continuing violation of SJB's rights, as enumerated under the FDCPA and the FCCPA.

48.     Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from SJB using the foregoing communications in violation of said debt collection laws, SJB has no adequate remedy at law

49.     SJB has retained Statman, Harris & Eyrich as counsel for the purpose of pursuing this matter against Defendants, and SJB is obligated to pay her attorneys a reasonable fee for their services.

50.     Florida Statutes §559.77 provides for the award of up to $1,000.00 statutory damages per independent violation plus actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

51.     United States Code Title 15 §1692k(a)(2)(A) provides for an award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

52.     Any and all necessary conditions precedent to the bringing of this action have either occurred or have been excused by Defendants.

53.     SJB contends that the illegal action of the Defendants has harmed the Plaintiff, resulting in mental anguish, humiliation, a loss of reputation, and expenditures for attorneys' fees, filing fees and other costs.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE §559.72(7)**
**SHUMAKER, LOOP & KENDRICK, LLP AND BUSINESS LAW GROUP, P.A.,**
**LM FUNDING, LLC**

54.     SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

55.     Defendants are each subject to, and have violated provisions of, Florida Statute §559.72(7) by collecting consumer Debt from SJB through means which can reasonably be expected to abuse or harass her.

56.     Specifically, Defendants made numerous attempts to collect the unfounded and disputed Debt without providing SJB with a detailed basis of the balance owed, despite SJB's repeated requests for same.

57.     Additionally, each of Defendants' collection attempts reference a baseless and differing total amount of the Debt allegedly owed by SJB.

58.     Furthermore, in an attempt to intimidate and harass SJB, Defendant SLK misleadingly implied that Cobblestone was currently engaged in a legal action against SJB.

That is, it stated "Please **be reminded that if a settlement agreement is prepared, there will be additional attorneys' fees and costs associated with preparing the agreement and filing the same with the court**" despite the fact that no court case was then pending. *See* Exhibit A.

59.     SLK also made false and misleading statements to SJB that it was considering a settlement offer to resolve the Debt, that the Debt would not continue to incur interest or late fees while the settlement was being considered, the purpose of which was to abuse and harass her while incurring more unauthorized charges at her expense. *See* Exhibit A.

60.     Nonetheless, a few weeks after SLK made that representation, BLG indicated to SJB that the debt had increased by more than $1,500.00. *See* Exhibit C.

61.     Moreover, the Dispute Form included with the First and Second BLG Letter states:

> Monthly Administrative late fees - are charged monthly when a delinquent account balance exists. Fee will be assessed in an amount equal to the greater of a) $25 per month, or b) 5% of the monthly assessment, pursuant to § 718.116 or § 720.3085, Florida Statute unless stated otherwise in your condominium declaration.

62.     BLG and LMF (collectively referred to as "BLG" hereafter) misrepresented Florida law with respect to when an association is entitled to charge late fees.

63.     BLG reversed Florida law by stating that late fees are charged "unless stated otherwise in your condominium declaration."

64.     Florida law only allows an association to charge late fees only if such authority is stated in its declaration or bylaws.

65.     BLG misrepresented Florida law by stating that a "$25 per month" late fee could be charged irrespective of the frequency in which assessments become due.

66.   Florida law only allows an association to collect a late fee with respect to each installment when due.

67.   BLG's policy was to inflate the late fees so as to maximize its profit or to increase the recovery of its clients.

68.   BLG, by misrepresenting Florida law regarding the association's authority to charge late fees was a deceptive means to collect a debt.

69.   Moreover, BLG's policy as stated in the Dispute Form, and as interpreted by the least sophisticated consumer, is that BLG will charge additional time charges only if that consumer retains the services of an attorney.

70.   BLG's policy as stated, and as interpreted by the least sophisticated consumer, is that BLG would not charge additional time charges if that consumer represented him or herself.

71.   BLG's policy as stated sought to deter consumers from seeking or obtaining competent legal representation and penalized them for doing so.

72.   Moreover, in the Blank Dispute Form, BLG asserts to the least-sophisticated consumer that only *valid* disputes will be considered, which is in direct contradiction of SJB's rights under §1692(g)(a) of the FDCPA.

73.   Further, BLG asserts that supporting documentation is needed for a dispute to be valid and considered; oral disputes, however, or written disputes with zero documentation, are valid under the FDCPA and must be considered by the debt collector.

74.   BLG also asserts that the client and owner of the Debt is a condominium association when on information and belief LMF, at least in part, owns the Debt and right to payments on the Debt, as well as makes decisions regarding settlement and satisfaction of the Debt—not the condominium association.

75.     BLG also expressly claims that the requirement to provide written verification of the debt depends on SJB's notification of the dispute in writing.

76.     BLG's knowing misstatement of the law in an attempt to collect the Debt adversely affected SJB's FDCPA validation and verification rights.

77.     Moreover, the Second BLG letter was maliciously not sent to SJB's address of record and without validation of the Debt as previously requested multiple times.

78.     The Lien and Foreclosures were initiated without validation of the Debt as previously requested by SJB multiple times.

79.     Also, BLG continually and deceptively mislead and confused SJB about the legal representative of Cobblestone and to whom she should communicate and make payments such that SJB was unable to determine who to make payments to in order to resolve the Debt.

80.     Defendants' willful and flagrant violation of the Florida Consumer Collections Practices Act as a means to collect a Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes §559.72(7).

81.     As a direct and proximate result of Defendants' actions, SJB has sustained damages as defined by Florida Statutes, §559.77.

WHEREFORE, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT TWO:**
**UNFAIR AND UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE §559.72(9)**
**SHUMAKER, LOOP & KENDRICK, LLP, BUSINESS LAW GROUP, P.A.,**
**AND LM FUNDING, LLC**

82. SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

83. SLK and BLG are each subject to, and have violated provisions of, Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt when knowing the debt is not legitimate and asserting the existence of legal rights when those rights do not exist.

84. Specifically, on or about December 22, 2014 SLK communicated to SJB as follows: **"Please be reminded that if a settlement agreement is prepared, there will be additional attorneys' fees and costs associated with preparing the agreement and filing the same with the court"** despite the fact that no court case was then pending.

85. That statement led SJB to believe that a legal action was then pending against her when in fact none existed and it would not be possible to file a settlement agreement with the court.

86. Additionally, via the Second BLG Letter, BLG threatened to enforce a lien which could not be legally enforced because a) it secured amounts attributable in part to fines or other non-assessment charges and/or unauthorized charges and b) was not properly recorded in the Polk County property records at the time of the Second BLG Letter and c) it failed to properly serve SJB with the Notice because it was not sent to her address of record and d) BLG had not verified the debt as required pursuant to 15 U.S.C., § 1692g(b)

87. Defendants' willful and flagrant violation of the Florida Consumer Collections Practices Act as a means to collect a Debt constitutes claiming, attempting, or threatening to enforce a debt when knowing the debt is not legitimate and asserting the existence of legal rights when those rights do not exist as is contemplated under Florida Statutes §559.72(9).

88.     In short, Defendants' assertions, made in an attempt to collect the Debt, are knowingly false, deceptive, and unlawfully limit Plaintiffs' consumer rights as specifically enumerated under Section 1692g(a) of the FDCPA.

89.     As a direct and proximate result of Defendants' actions, SJB has sustained damages as defined by Florida Statutes, §559.77.

WHEREFORE, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15. U.S.C. § 1692e(2)(A)**
**BUSINESS LAW GROUP, P.A. AND LM FUNDING, LLC**

90.     SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

91.     Defendants BLG and LMF are subject to, and have violated the provisions of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount, legal status, or character of the Debt.

92.     Specifically, BLG made numerous attempts to collect the unfounded and disputed Debt without providing SJB with a detailed basis of the balance owed.

93.     BLG repeatedly failed to provide a detailed basis of the balance owed despite SJB repeatedly requesting an accounting and explanation of the charges.

94.     Additionally, each of BLG collection attempts reference a baseless and differing total amount owed by SJB.

95.     BLG collection attempts also sought to recover fees that, on information and belief, were not authorized by Florida law and/or the Declaration and or Bylaws of Cobblestone.

96.     BLG continually and deceptively mislead and confused SJB about the legal representative of Cobblestone and to whom she should communicate and make payments such that SJB was unable to determine who to make payments to in order to resolve the Debt.

97.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant BLG for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15. U.S.C. § 1692e(5)**
**BUSINESS LAW GROUP, P.A. AND LM FUNDING, LLC**

98.     SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

99.     BLG is subject to, and have violated the provisions of 15 U.S.C. § 1692e(5) by threatening to take legal action that could not legally be taken.

100.    Specifically, BLG threatened to enforce a lien which could not be legally enforced because a) it secured amounts attributable in part to fines or other non-assessment charges and/or unauthorized charges and b) was not properly recorded in the Polk County property records at the time of the Second BLG Letter and c) it failed to properly serve SJB with the Notice because it was not sent to her address of record and d) BLG had not verified the debt as required pursuant to 15 U.S.C., § 1692g(b)

101.    Moreover, the Second BLG Letter stated that Cobblestone would "exercise its right to accelerate all assessments owed upon" the Property through December 31, 2015. There was no legal authority to accelerate the assessments owed on SJB's unit.

102. Cobblestone did not accelerate all assessments owed on SJB's unit.

103. Cobblestone did not intend to accelerate the assessments owed on SJB's unit.

104. Business Law Group violated 15 U.S.C. § 1692e(5) when it advised SJB that the assessments would be accelerated for the balance of the fiscal year because said action could not be legally taken or was not intended to be taken at the time the statement was made.

105. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant BLG for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15. U.S.C. § 1692e(10)**
**BUSINESS LAW GROUP, P.A. AND LM FUNDING, LLC**

106. SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

107. BLG is subject to, and has violated the provisions of 15 U.S.C. § 1692e(10) by the use of false representations and deceptive means to collect or attempt to collect the Debt.

108. Specifically, the Dispute Form included with the First and Second BLG Letter states:

> Monthly Administrative late fees - are charged monthly when a delinquent account balance exists. Fee will be assessed in an amount equal to the greater of a) $25 per month, or b) 5% of the monthly assessment, pursuant to § 718.116 or § 720.3085, Florida Statute unless stated otherwise in your condominium declaration.

109. BLG misrepresented Florida law with respect to when an association is entitled to charge late fees.

110.   BLG reversed Florida law by stating that late fees are charged "unless stated otherwise in your condominium declaration."

111.   Florida law only allows an association to charge late fees only if such authority is stated in its declaration or bylaws.

112.   BLG misrepresented Florida law by stating that a "$25 per month" late fee could be charged irrespective of the frequency in which assessments become due.

113.   Florida law only allows an association to collect a late fee with respect to each installment when due.

114.   BLG's policy was to inflate the late fees so as to maximize its profit or to increase the recovery of its clients.

115.   BLG, by misrepresenting Florida law regarding the association's authority to charge late fees, violated 15 U.S.C. § 1692e(10) because that is a false representation or deceptive means to collect a debt.

116.   BLG's policy as stated in the Dispute Form, and as interpreted by the least sophisticated consumer, is that BLG will charge additional time charges only if that consumer retains the services of an attorney.

117.   BLG's policy as stated, and as interpreted by the least sophisticated consumer, is that BLG would not charge additional time charges if that consumer represented him or herself.

118.   BLG's policy as stated sought to deter consumers from seeking or obtaining competent legal representation.

119.   BLG's policy as stated penalized consumers who obtained competent legal representation.

120.    Moreover, in the Dispute Form attached to the First and Second BLG Letter, BLG asserts to the least-sophisticated consumer that only *valid* disputes will be considered, which is in direct contradiction of SJB's rights under §1692(g)(a) of the FDCPA.

121.    Further, BLG asserts that supporting documentation is needed for a dispute to be valid and considered; oral disputes, however, or written disputes with zero documentation, are valid under the FDCPA and must be considered by the debt collector.

122.    BLG also asserts that the client and owner of the Debt is a condominium association when in fact LMF, at least in part, owns the Debt and right to payments on the Debt, as well as makes decisions regarding settlement and satisfaction of the Debt—not the condominium association.

123.    BLG's policy which deters or penalizes consumers from obtaining competent legal representation and misstating the law in an attempt to collect the Debt, as stated in its Dispute Form, is an unfair or unconscionable mean to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

124.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendants BLG and LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT SIX:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15. U.S.C. § 1692e(11)**
**LM FUNDING, LLC**

125.    SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

126.    On information and belief, LMF is subject to, and has violated the provisions of 15 U.S.C. § 1692e(11) by indirectly and covertly communicating with SJB in an attempt to collect the Debt without disclosing that it is a debt collector, that it was attempting to collect the Debt, and that any information would be used for that purpose.

127.    Specifically, LMF failed to disclose that it is, at least in part, a creditor to the Debt, is a decision maker regarding settlement and resolution of the Debt, and is partially owned and/or operated by the same principals as BLG.

128.    To that end, on information and belief, BLG and LMF are settling the Debt in a manner to maximize attorneys' fees as well as the return on Defendant LMF investors' dollars—all to the detriment of Defendants' purported client, the condominium association, and SJB.

129.    As a direct and proximate result of LMF's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15. U.S.C. § 1692f
### BUSINESS LAW GROUP, P.A. AND LM FUNDING, LLC

130.    SJB paragraphs 1-53 herein, and incorporates same as if fully re-written.

131.    BLG is subject to, and have violated the provisions of 15 U.S.C. § 1692f by using unfair practices to collect the Debt, including but not limited to collecting interest, fees, charges and other expenses that, on information and belief, are not expressly authorized by any

agreement between SJB and Cobblestone and failing to disclose that LMF was, at least in part, the creditor with regard to the Debt.

132.     For example, the SLK Demand letter dated December 22, 2014 indicated that the outstanding assessments balance through November 2014 was $2,252.88.

133.     The First BLG letter – sent only two months after the SLK Demand Letter – indicated that as of February 11, 2015 the outstanding assessments balance was $3,780.52.  That represents a difference of over $1,500.00, even though SJB's monthly assessment payments are approximately $225.00 per month.

134.     BLG did not rely on the amounts stated by SLK and/or Cobblestone's records when it prepared its First BLG Letter.

135.     BLG was seeking to collect amounts that its purported client, Cobblestone, was not seeking to collect.

136.     Moreover, the First and Second BLG letter indicate various fees and costs that, on information and belief, are not authorized by statute or any agreement between the parties.

137.     Moreover, BLG failed to disclose that LMF was a creditor with regard to the Debt and was commonly controlled and managed by one or more principals of BLG.

138.     Defendant BLG represented to SJB that Cobblestone was their client, the creditor, when, on information and belief, it is a related and commonly controlled and managed entity, Defendant LMF that is, at least in large part, the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts—not the condominium associations, as represented in the debt collection letter.

139.     On information and belief, BLG's practice is to collect Debt in a manner that maximizes both attorneys' fees and returns for Defendant LMF investors rather than to mitigate

loss and bring condominium accounts current; such conduct is undertaken at the direct expense of SJB and other consumers often without their knowledge.

140.   As a direct and proximate result of BLG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendants BLG and LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT EIGHT:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15. U.S.C. § 1692(g)(b)**
**BUSINESS LAW GROUP, P.A. AND LM FUNDING, LLC**

141.   SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

142.   BLG is subject to, and have violated the provisions of 15 U.S.C. § 1692(g)(b) by communicating with SJB by failing to cease collection of the Debt until the obtaining verification of the debt and mailing same to SJB.

143.   Specifically, the Second BLG Letter was sent to SJB despite the fact that no verification of the debt had been provided to her and despite that she had notified BLG in writing within the statutory 30-day period that the debt was disputed.

144.   Additionally, BLG filed a lien against SJB's Property despite the fact that no verification of the debt had been provided to her and despite that she had notified BLG in writing within the statutory 30-day period that the debt was disputed.

145.   Additionally, BLG filed the Foreclosure against SJB's Property despite the fact that no verification of the debt had been provided to her and despite that she had notified them in writing within the statutory 30-day period that the debt was disputed.

146. As a direct and proximate result of BLG's actions, Plaintiff sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, SJB requests this Court enter a judgment against Defendant BLG and LM FUNDING, LLC for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT NINE:
## DECLARATORY AND INJUNCTIVE RELIEF
## VIOLATIONS OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT
## ALL DEFENDANTS

147. SJB realleges paragraphs 1-53 herein, and incorporates same as if fully re-written.

148. SJB, pursuant to Florida Statutes, Section 559.77(2), seeks a declaration that the above-described practices of Defendants, namely the use of the debt collection letters, Lien and Foreclosure action violate the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

149. This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and Section 559.77(2) of the Florida Consumer Collection Practices Act.

150. By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the usage and effect of the debt collection communications on SJB which:

      a. making numerous attempts to collect disputed debt without providing a basis of the balance owed and/or validating the debt and/or referencing differing total amounts owed;

b. deceptively, falsely, and unlawfully asserting the existence of a legal right a when knowing the right or does not exist;

c. deceptively, falsely, and unlawfully stating that a settlement was being considered and that no interest or late fees would occur during that time;

d. deceptively, falsely, and unlawfully failing to disclose LMF as a creditor and decision maker on both settling the Debt and mitigating loss in the face of its self-serving yet undisclosed interest;

e. misrepresenting Florida law with respect to when an association may charge late fees;

f. leading the least sophisticated consumer to believe that additional charge would only be incurred if SJB retained an attorney and not if she represented herself;

g. asserting that supporting documentation would be required to support a dispute and asserting that written disputes were required suggesting the need to provide supporting documentation as a prerequisite to being valid and considered;

h. deceptively, falsely, and unlawfully leading SJB to believe that litigation was pending against her when in fact it was not;

i. failing to provide a complete and accurate validation and verification disclosures that are required under the FDCPA;

j. initiating lien and foreclosure proceedings without validation of the Debt as required under the FDCPA;

k. failing to communicate with SJB at her address of record

151.    Debt collection of this type, namely the use of the various debt communications described herein, is unlawful and violates the Florida Consumer Collection Practices Act.

152.    For the protection of SJB, who may be subject to the same continued improper Debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

153.    The requested injunction is reasonably necessary to protect the legal rights of SJB and will have no adverse effect on the public welfare.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

SJB hereby gives notice to defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## SANTIANA JEAN-BAPTISTE DEMANDS TRIAL BY JURY

Respectfully submitted,
Dated:  April 15, 2016


/s/ Junilla Sledziewski
Junilla Sledziewski, Esq. (FBN 072043)
STATMAN, HARRIS & EYRICH, LLC
30 S. Wacker Dr., Ste. 2200
Chicago, IL 60606
Ph.  312.263.1070
Fax 312.466.5601
junilla@statmanharris.com
chicago@statmanharris.com
*Counsel for Plaintiff*