IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SANTIANA JEAN-BAPTISTE,**
    Plaintiff,

CASE NO. 3:16-CV-461-J-39 PDB

v.

**BUSINESS LAW GROUP, P.A., et al.**
    Defendants.
_____/

## MOTION TO DISMISS CLAIMS AGAINST BUSINESS LAW GROUP, P.A.

The Defendant, Business Law Group, P.A. ("BLG"), by and through its undersigned counsel, files this Motion to Dismiss and states the following in support:

The plaintiff Santiana Jean-Baptiste (the "Plaintiff" or "Ms. Jean-Baptiste") alleges that BLG committed several violations of the Fair Debt Collection Practices Act ("FDCPA") in Title 15 section 1692. Because certain claims are barred by the one-year statute of limitations in section 1692k(d), and all others are improperly pled, this Court should dismiss those claims for lack of subject matter jurisdiction. In addition, the remainder of the claims should be dismissed for failure to comply with Rule 8(a).

*Memorandum of Law*

**Statute of Limitations Requires Dismissal**

The Plaintiff filed her nine count complaint on or about April 18, 2016. The statute of limitations under the FDCPA is one year. 15 U.S.C. § 1692k(d) (2012). The statute of limitations begins to run on the day after the collection letter is mailed. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (citing *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992)). Here, many of the Plaintiff's claims against BLG are premised on the February 11, 2015 collection letter or other conduct that occurred prior to April 18, 2015, the earliest possible date

for alleged actionable conduct in this case. Dk. 1 pg. 39-40. Under *Maloy*, the statute of limitations period began to run on February 12, 2015. Since the complaint was not filed until April 18, 2016 and not served until April 29, 2016, any and all claims based on conduct occurring before April 18, 2015 are barred by the statute of limitations.

This Court cannot exercise jurisdiction over the state law claims presented without a basis for federal question jurisdiction. *Palmer v. Hosp. Authority of Randolph County*, 22 F.3d 1559, 1565 (11th Cir. 1994) ("Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone."). The FDCPA claims alleged here are barred by the one-year statute of limitations or are otherwise insufficient to survive this motion to dismiss, therefore precluding the remainder of the suit from continuing in federal court. Accordingly, this Court should dismiss the suit against BLG.

**Failure to State a Cause of Action**

Most of the Plaintiff's claims are barred by the statute of limitations. 15 U.S.C. § 1692k(d) (2012). The remainder of Plaintiff's claims fail to state a cause of action with the particularity required under federal law. *See 316, Inc. v. Maryland Gas Co.*, 625 F.Supp.2d 1179, 1181 (N.D. Fla. 2008) (discussing that the pleading standards in Rule 8(a) exist to give defendants "fair notice" of the claims and the grounds upon which they rest). "Conclusory allegations made under information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombley* standard." *In re Superior Air Parts, Inc.*, 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012) (as cited by *Phoenix Entertainment Partners, LLC v. Orl,ando Beer Garden*, *Inc.*, Case No. 6:16-CV-80-Orl-31DAB, slip op., 2016 WL 1567590 at *5 (M.D. Fla. Mar. 30, 2016)).

Here, the Plaintiff bases a myriad of foundational allegations on "information and belief." Under the Rule 12(b)(6) standard announced in *Orlando Beer Garden*, those allegations are not considered true, and this Court should dismiss.

The alleged violations of the FDCPA that are not barred by the statute of limitations are supported solely by "information and belief" allegations. Present in all of the FDCPA counts are allegations that the amounts demanded were somehow illegitimate or that BLG engaged in allegedly deceptive conduct. *See e.g.* Dkt. 1, ¶¶ 34, 44, 95, 126, 128, 138, 139. These statements are all made on "information and belief" and are merely conclusory statements and legal conclusions unsupported by actual facts or law.

Taking a more specific example, the entirety of Count Seven is founded on allegations arising from "information and belief." The Plaintiff alleges that BLG sought to collect amounts that "on information and belief" were illegitimate. Dkt. 1, ¶136. She also alleges that BLG failed to inform her that co-defendant LM Funding, LLC ("LMF") was, on information and belief, the actual creditor. *Id.* at ¶138. Paragraph 139 purports to comment on what the Plaintiff calls BLG's "standard practice" (a "practice" that is neither standard nor engaged in) as being incompatible with the FDCPA, though, once again, that allegation is based solely on information and belief. *Id.* at ¶139. Any plaintiff could allege any "fact" based on "information and belief," a prime reason why courts do not afford such allegations any presumption of truth on reviewing a complaint under Rule 12(b)(6).

Further undermining the complaint, the allegations in Paragraphs 23 and 34, the underpinnings for alleging that BLG's first and second collection letters (and subsequent acts) violated applicable law, are based entirely on "information and belief." The amounts claimed are either proper or not. BLG does not ask too much of the Plaintiff when it seeks more specificity

than a bare, conclusory statement that some of the charges may possibly be unauthorized pursuant to some law or contract.

In a motion to dismiss under Rule 12(b)(6), the complaint's allegations are all taken as true to determine whether a cause of action exists. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). First, we must eliminate all allegations based on "information and belief" or otherwise so broad or conclusory that they cannot be said to be plead with particularity. Taking the other allegations as true, a cause of action cannot be stitched together from the pieces that remain. This Court should dismiss the action.

Wherefore, the Defendant, Business Law Group, P.A., respectfully requests this Honorable Court grant the Motion to Dismiss, dismiss the action without permitting it to be re-filed, and award any further relief that this Court deems appropriate.

Submitted this 26th day of May, 2016.

                                                    /s Jacob A. Brainard
**Jacob A. Brainard, Esq.**
Florida Bar No. 0092278
**Scott C. Davis, Esq.**
Florida Bar No. 0022799
**BUSINESS LAW GROUP, P.A.**
301 West Platt Street, #375
Tampa, Florida 33606
Email: jbrainard@blawgroup.com
Email(2): service@blawgroup.com
Email(3): sdavis@blawgroup.com
Phone: 813.379.3804
Attorneys for Business Law Group, P.A.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via the CM/ECF system to the parties below:

Junilla Sledziewski, Esq.
Statman, Harris & Eyrich, LLC
junilla@stratmenharris.com
chicago@statmanharris.com

Jonathan Ellis, Esq.
Shumaker, Loop & Kendrick, LLP
jellis@slk-law.com
ccheaney@slk-law.com

Monica Johnson, Esq.
Shumaker, Loop & Kendrick, LLP
mjohnson@slk-law.com
ccheaney@slk-law.com

Elizabeth Fernandez, Esq.
Jesse Lee Ray, Esq.
Jesse Lee Ray, Attorney at Law, P.A.
efernandez@jesseleeray.com
jray@jesseleeray.com

on this 26th day of May, 2016.

          /s Jacob A. Brainard
**Jacob A. Brainard, Esq.**